OPINION
On September 13, 2001, the Richland County Grand Jury indicted appellant, Kevin Moses, on one count of aggravated burglary with a firearm specification in violation of R.C. 2911.01(A)(1). Said charge arose from an incident involving the theft of a wallet from LaVon Cox at gunpoint.
A jury trial commenced on November 15, 2001. The jury found appellant guilty of the aggravated robbery count, but not guilty of the firearm specification. By sentencing entry filed November 30, 2001, the trial court sentenced appellant to seven years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. "AS A MATTER OF LAW, APPELLANT'S CONVICTION ON THE CHARGE OF AGGRAVATED ROBBERY IS CONTRARY TO THE MANIFEST WEIGHT AND SUFFICIENCY OF EVIDENCE PRESENTED, SUCH THAT RETRIAL ON SAID CHARGE IS BARRED BY THE FIFTH AMENDMENT PROTECTION AGAINST DOUBLE JEOPARDY."
 I
Appellant claims his conviction was against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
Appellant was indicted on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01(A)(1). Specifically, the indictment averred that appellant had a "deadly weapon or dangerous ordnance" during the commission of a theft offense or in fleeing immediately after the offense. The firearm specification averred that appellant had a "firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense."
Aggravated robbery is defined in R.C. 2911.01(A)(1) as follows:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;"
A deadly weapon is defined in R.C. 2911.01(D)(1) as having the same meaning as in R.C. 2923.11. Said section defines deadly weapon as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."
A firearm specification pursuant to R.C. 2941.145 states the imposition of a three year mandatory prison term is precluded unless the indictment specifies "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
A firearm is defined in R.C. 2923.11(B)(1) as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable."
Appellant argues the jury, in finding him not guilty of the firearm specification, tacitly affirmed his position there was insufficient evidence to establish he committed an aggravated robbery. Appellant argues this is proof that the jury lost its way and reached a "nonsensical" verdict.
Upon review of the record, we note a firearm was not entered into evidence as an exhibit. There was but one witness, LaVon Cox, to the robbery. Ms. Cox was the victim. While stopped at a parking lot to use a pay phone, Ms. Cox observed a black man acting suspiciously. T. at 109, 110, 115-117. Ms. Cox testified it was light out and it was approximately 7:30 p.m. T. at 113. After returning to her vehicle, that same man jumped into her car, held a gun up to her head and demanded her wallet. T. at 111, 119. The man took her wallet containing credit cards, driver's license and approximately $320.00 in cash. T. at 111-112. Ms. Cox described the gun as a "short barreled revolver." T. at 145. Ms. Cox testified it looked "like a .38 from what I could see of it." Id.
After the robbery, Ms. Cox attempted to follow the man, but lost sight of him. T. at 120. Ms. Cox stopped a police cruiser, but he was an officer from Shelby, a neighboring municipality. T. at 124. The officer told Ms. Cox to "wait there," but she did not wait because she "didn't feel safe." Id. Ms. Cox returned home and contacted the Mansfield Police Department. T. at 125. Ms. Cox identified appellant from a police photo array and in the courtroom during the trial. T. at 127-129, 131, 199.
Prior to the incident, Patrolman Keith Porch of the Mansfield Police Department testified to driving by the parking lot and observing appellant act in the same suspicious manner as Ms. Cox described. T. at 193. Patrolman Porch also observed Ms. Cox sitting in her vehicle. T. at 193, 196. After the incident, Patrolman Porch was dispatched to Ms. Cox's residence. Patrolman Porch described Ms. Cox's demeanor as `[a]ngry, upset, distraught, very upset that a gun was in her face." T. at 197.
Appellant testified he knew Ms. Cox as he had sold her drugs in the past. T. at 215, 219-225. Appellant admitted to seeing Ms. Cox on the evening in question, claiming she asked for drugs but he told her "[a]in't none." T. at 225, 233-234. Appellant testified he does not have nor never has had access to a .38 caliber gun. T. at 237. On rebuttal, Ms. Cox denied any previous contacts with appellant or that she was attempting to purchase drugs that evening. T. at 240-241.
During the jury instructions, the trial court specifically delineated there was a difference between the "deadly weapon" definition in the aggravated robbery count and the "firearm" definition in the specification. T. at 282. It is entirely possible the jury rejected Ms. Cox's testimony as to the type of weapon being a .38 caliber gun, or found the absence of a gun as an exhibit made it impossible to determine if the gun was operable or capable of being rendered operable.
Based upon the evidence produced at trial, we find substantial credible evidence of the crime of aggravated robbery. We find the jury's failure to find appellant guilty of the firearm specification not to be sufficient to overturn the guilty verdict on the aggravated robbery count.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.